UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER J. REED,

    Plaintiff,

v.

D. LEATHERMAN, et al.,

    Defendants.

No. 2:18-cv-0038 KJM CKD P

ORDER

Plaintiff is a California prisoner proceeding pro se with claims arising under the Eighth Amendment against defendants Leatherman, Shearer, Roberts, Dennis and Vitale, all employees of the California Department of Corrections and Rehabilitation. Plaintiff has filed a motion asking that the court compel defendants to provide further responses to request for production of documents numbers 1, 3, 6, 7 and 11.

Requests 1, 3 and 11

Defendants argue in their opposition that plaintiff's motion to compel should be denied because plaintiff made no attempt to meet and confer with counsel for defendants prior to filing his motion to compel as required under Rule 37 of the Federal Rules of Civil Procedure. Plaintiff does not assert that he did try to meet and confer. The court also notes that there is a motion for summary judgment pending in which defendants assert plaintiff has not exhausted administrative remedies with respect to his claims. A favorable ruling on that motion would moot plaintiff's

1

motion to compel as the information sought in the motion to compel is not related to administrative remedy exhaustion.

In light of the foregoing, the fact that plaintiff's motion to compel is not wholly without merit as to requests to produce 1, 3 and 11, and it is clear that there is a misunderstanding between the parties as to what plaintiff wants, what defendants have, and what defendants are willing to turn over, plaintiff's motion to compel with respect to requests 1, 3 and 11 will be denied without prejudice. If this action survives defendants' motion for summary judgment, and if at that point plaintiff still seeks further responses to requests for production 1, 3 and 11, plaintiff must meet and confer with counsel for defendants. If, after having done so, plaintiff has a good faith belief that counsel for defendants failed to provide plaintiff with access to documents to which plaintiff is entitled under the Federal Rules of Civil Procedure, plaintiff may file a second motion to compel. The motion must be filed no later than 45 days after resolution of the motion for summary judgment. Also, plaintiff will be required to certify in the motion that he met and conferred with counsel for defendants after resolution of the motion for summary judgment and made a good faith effort to resolve legitimate discovery disputes.

Request 6

In request 6, plaintiff seeks any video footage of plaintiff being escorted from "Stand Alone Housing, to Crisis Bed Housing, on May 25th, 2016 (by defendant B. Dennis)." Counsel for defendants indicates that after a diligent search, no such footage could be found. Plaintiff fails to point to anything suggesting that the court should order a further response. Accordingly, plaintiff's motion to compel will be denied with respect to request to produce number 6.

Request 7

In request 7, plaintiff seeks any video footage of plaintiff and any defendant on May 26th, 2016 between 11:00 a.m. and 1:30 p.m. Again, defendants assert that after a diligent search, no such video was found. As with request 6, plaintiff fails to point to anything suggesting that the court should order a further response. Accordingly, plaintiff's motion to compel will be denied with respect to request to produce number 7.

/////

Accordingly, IT IS HEREBY ORDERED that plaintiff's December 21, 2018 motion to compel (ECF No. 18) is:

1. Denied as to requests to produce numbers 6 and 7; and
2. Denied without prejudice as to requests to produce 1, 3, and 11 as described as above.

Dated: June 14, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

reed0038.mtc