UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. REED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. LEATHERMAN, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0038 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On April 24, 2018, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a) and found that plaintiff may proceed on claims arising under the Eighth Amendment against defendants Dennis, Leatherman, Roberts, Shearer and Vitale (defendants), all of whom are (or were) correctional officers at California State Prison, Sacramento (CSP-Sac). Before the court is defendants' motion for summary judgment premised upon failure to exhaust available administrative remedies.

I. Standards

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." Administrative procedures generally are exhausted with respect to the California prisoner grievance process once the third level of review

1

is complete. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation (CDCR). Cal. Code Regs. tit. 15, § 3084.7. The exhaustion requirement demands "proper" exhaustion. Woodford v. Ngo, 548 U.S. 81, 90-91 (20016). "Proper exhaustion" is not achieved if a grievance is denied for missed deadlines or failure to follow other "critical procedural rules." See id. at 91. Prisoner plaintiffs must take "reasonable and appropriate steps" to exhaust administrative remedies. Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

If undisputed evidence viewed in the light most favorable to the prisoner / plaintiff shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Put another way, summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

II. Dennis and Vitale

The parties do not dispute that plaintiff submitted a timely prisoner grievance, SAC-16-01938, concerning events occurring on May 26, 2016 which plaintiff also identifies in his complaint. ECF No. 20-7 at 5-8. What is not included in the grievance are any of the allegations in the complaint concerning defendants Dennis or Vitale and plaintiff fails to point to anything suggesting he has exhausted administrative remedies with respect to his remaining claims against those two defendants. Accordingly, defendants are entitled to summary judgment with respect to plaintiff's remaining claims against Dennis and Vitale.

III. Leatherman, Roberts, Shearer

A. Facts

Grievance SAC-16-01938 proceeded directly to the second level of the grievance process[1] and was partially granted. Id. at 9-10. In the grievance, plaintiff essentially makes the same

/////

---

[1] Neither party indicates why the first level was bypassed.

1 allegations he does in his complaint as to the actions of Leatherman, Roberts and Shearer, but he
2 fails to identify any of them by name in the grievance. Id. at 5-8.

3     A notation on the grievance form indicates that the decision on the grievance was
4 "mailed/delivered" to plaintiff on August 8, 2016. Id. at 6. In his affidavit attached to his
5 opposition to defendants' motion for summary judgment, plaintiff indicates he received the
6 decision on September 28, 2016. ECF No. 22 at 9.[2] On the grievance form, prisoners are
7 informed that if they wish to appeal to the third level, the appeal must be received by the third
8 level within 30 days of receipt of the second level decision. ECF No. 20-7 at 6.

9     In his affidavit, plaintiff asserts he appealed to the third level on September 29, 2016
10 through his counselor. ECF No. 22 at 9. However, on the grievance form itself, plaintiff
11 identifies the date of submission to the third level as September 26, 2016. ECF No. 20-7 at 6.
12 Records provided by defendants indicate the appeal was received at the third level on October 3,
13 2016. ECF No. 20-5 at 8.

14     On January 12, 2017, the third level appeal was cancelled because it was found to be
15 untimely. ECF No. 20-7 at 4. Plaintiff was informed that while he could not resubmit a cancelled
16 appeal to the third level, he could appeal the cancellation as provided for in Cal. Code Regs. tit 15
17 § 3084.6(e) and that he had 30 days from January 12, 2017 to do so. Id. Plaintiff asserts he
18 received the cancellation on or about January 12, 2017 and appealed the cancellation back to the
19 third level on January 15, 2017 by mailing it to the "3rd level reviewer." ECF No. 22 at 10.
20 Plaintiff has provided what appears to be a copy of that appeal. ECF No. 22 at 42. Plaintiff
21 asserts he never received a response to his appeal. Id. at 10-11. Defendants have no record of the
22 appeal ever being filed. ECF No. 20-5.

23     B. <u>Failure to Identify Leatherman, Roberts or Shearer by Name</u>
24     Defendants argue that plaintiff's failure to identify defendants Leatherman, Roberts or

---

[2] Defendants cite Tubach v. Lahimore, 1:10-cv-0913 AWI SMS, 2012 WL 4490792 at *3 (E.D. Cal. Sept. 28, 2012) and other cases for the proposition that plaintiff's "self-serving" statements are insufficient to defeat a motion for summary judgment. ECF No. 23 at 1-2. However, Tubach and the other cases cited do not concern a motion for summary judgment. They concern determinations of fact. E.g. id. at *1.

3

Shearer by name in SAC-16-01938 demands dismissal of plaintiff's remaining claims against them. But, there is no requirement under federal law that prisoners identify defendants by name in a grievance in order for there to be proper exhaustion of administrative remedies, Jones v. Bock, 549 U.S. 199, 219 (2007), and at no stage was plaintiff's grievance denied, rejected, or cancelled because plaintiff did not name Leatherman, Roberts or Shearer. In fact, with the information provided by plaintiff in his grievance, the second level reviewer interviewed Leatherman, Roberts and Shearer as to the allegations made in the grievance. ECF No. 20-7 at 9-10.

Defendants also argue administrative remedies were not exhausted because plaintiff identifies one of the defendants as "(Strathmore?)" in his original grievance. However, nothing suggests plaintiff's failed attempt to identify one of the officers foreclosed or even significantly impeded investigation and review of any of the events alleged by plaintiff. In the second level response, the reviewer acknowledges that there is no officer at CSP-Sac named "Strathmore" and, again, the reviewer asserts Leatherman, Roberts and Shearer were interviewed about the events.

Finally, in his request for review at the third level, plaintiff essentially asserts the name "Strathmore" was made up. Considering all of the above, the court cannot find that plaintiff failed to "properly" exhaust available administrative remedies with respect to plaintiffs' remaining claims against defendants Leatherman, Roberts and Shearer because he did not identify them by name in SAC-16-01938.

C. <u>Untimely at the Third Level</u>

Defendants also assert that plaintiff's untimely filing of his third level appeal amounts to a failure to properly exhaust. Again, on the grievance form used by plaintiff, plaintiff was informed that he had 30 days from the date of the receipt of the response from the second level to submit his appeal to the third level. ECF No. 20-7 at 6. As indicated above, plaintiff asserts that he complied with that rule, and nothing in the record contradicts that. However, the cancellation of the third level appeal appears proper because plaintiff did not inform the third level when he received the second level response (id. at 6-8). Under these circumstances, it was appropriate for the third level to assume he received it on or around August 8, 2016.

4

At that point, administrative remedies were still available to plaintiff as he was granted permission to appeal the cancellation of his grievance back to the third level. Plaintiff indicates he did just that, in a timely manner, and in the appeal plaintiff explained why it appeared his original third level appeal was untimely. Plaintiff never received a response, but there is no reason to believe plaintiff's grievance would not have been reinstated had his appeal been considered. In January 2018, plaintiff asked a counselor to check plaintiff's files for a response to the appeal of his cancellation. The counselor found no record of the appeal. ECF No. 22 at 10.

Considering all of the foregoing, there is at least a genuine issue of material fact as to whether plaintiff properly exhausted administrative remedies available to plaintiff before filing suit. Considering everything in the light most favorable to plaintiff, there is evidence all of plaintiff's submissions with respect to the processing of grievance CMC-16-01938 were timely, submitted to the appropriate levels of review and that there are no remedies still available.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 20) be granted as to defendants Dennis and Vitale and denied as to defendants Leatherman, Roberts and Shearer.

2. Defendants Dennis and Vitale be dismissed for failure to exhaust available administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 19, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

reed0038.fte

5