UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. REED,<br><br>                Plaintiff,<br><br>        v.<br><br>D. LEATHERMAN, et al.,<br><br>                Defendants. | No. 2:18-cv-0038 KJM CKD P<br><br><br>ORDER |

      Plaintiff is a California prisoner proceeding pro se. On April 24, 2018, the court granted plaintiff's request to proceed in forma pauperis. Pursuant to 28 U.S.C. §§ 1914(a) and 1915(b)(1), plaintiff still must pay the $350 filing fee for this action, but is permitted to pay it in installments. To that end, the Director of the California Department of Corrections and Rehabilitation was ordered to collect an initial amount from plaintiff's inmate trust account statement, consistent with statutory terms, and forward that amount to the court. ECF No. 7. After the initial amount was collected and sent to the court, the Director was instructed to collect the remainder of the filing fee as follows:

> [The Director] shall collect from plaintiff's prison trust account monthly payments in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee for this action has been paid in full. . .

1

1   On October 5, 2020, plaintiff filed a motion objecting to the manner in which money has been deducted from his trust account. On July 14, 2020, then again on October 18, 2020, plaintiff's trust account was credited with $100. ECF No. 36 at 6. The parties agree that on both occasions, calculations were made as to which portion of those deposits would be deducted from plaintiff's account and ultimately sent to the court pursuant to the court's collection order, and then a hold was placed on plaintiff's account for those amounts. As to the July deposit, it was determined that $10.21 would be deducted and sent to the court. Id. As for the October deposit, it was determined that $10.05 would be deducted and sent to the court. Id. The trust account statement provided by plaintiff indicates the amounts were not actually deducted from plaintiff's account until the first day of the following month (i.e. August 1st and October 1st respectively). Id. Plaintiff alleges the practice of placing a hold on plaintiff's account until the first day of the next month violates the terms of the court's April 24, 2018 collection order. The court disagrees.

Essentially, prison officials collected amounts due for the filing fee on or near the days $100 was deposited into plaintiff's account. Under the terms of the court's collection order, there is no set day of the month upon which collection should be made. However, the calculation upon which the amount to be collected is determined and actual collection can occur no more than once per month. Again, it appears the calculation as to how much would be collected and at least constructive collection occurred shortly after money was deposited into plaintiff's account on July 14, 2020 and then again on October 18, 2020. Since, the calculations and collections were more than a month apart, there is no violation of the court's April 24, 2018 order.

Plaintiff has filed a motion asking that the court sanction Warden J. Gastelo for not filing an adequate response to the court's November 3, 2020 order in which the court asked the Warden "whether a hold was placed on plaintiff's inmate trust account on July 21, 2020 so funds would be available to send to this court on August 1, 2020 in partial satisfaction of the filing fee due in this action." The court finds that the Warden's response (ECF No. 35), when considered with counsel for defendants' clarification of the response (ECF No. 37) amounts to an affirmative

/////

/////

response to the court's inquiry. Since the court's question has been adequately answered, sanctions are not warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 5, 2020 "motion for court order" is denied; and

2. Plaintiff's December 7, 2020 motion for sanctions is denied.

Dated: February 10, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
reed0038.$

3