UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. REED,<br><br>    Plaintiff,<br><br>    v.<br><br>D. LEATHERMAN, et al.,<br><br>    Defendants. | No. 2:18-cv-0038 KJM CKD P<br><br><br>ORDER |

      On February 11, 2021, the Magistrate Judge issued an order denying plaintiff's October 5, 2020 "motion for a court order" and December 7, 2020 motion for sanctions. *See* ECF No. 41. On March 4, 2021, plaintiff filed a motion for reconsideration of that order.[1] Local Rule 303(b), states "rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen days . . . from the date of service of the ruling on the parties. . ." *Id.* Pursuant to this rule and Rule 6 of the Federal Rules of Civil Procedure, plaintiff's motion for reconsideration was due March 1, 2021. His motion is untimely.

      Even if the court were to reach the merits of the motion for reconsideration, the requirements for reconsideration are not met here. Plaintiff claims, "the magistrate falsely

---

[1] The court deems plaintiff's motion for reconsideration filed as of the date he gave it to prison officials for mailing, which, according to plaintiff, was March 4, 2021. ECF No. 42 at 15; *see Houston v. Lack*, 487 U.S. 266, 276 (1988).

contends that all parties agreed on both calculations as to the deductions from plaintiff's account that would ultimately be sent to the Courts." Mot. at 6. While a court may relieve a party from an order under Rule 60 of the Federal Rules of Civil Procedure for "mistake, inadvertence, fraud, or excusable neglect" or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1), (b)(6), plaintiff does not claim new or different facts or circumstances exist which did not exist previously and why the facts or circumstances were not shown at the time of the prior motion. *See* E.D. Cal. R. 230(j)(3)–(4). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Accordingly, IT IS HEREBY ORDERED:

(1) Plaintiff's motion for reconsideration, ECF No. 42, is **denied**; and

(2) Plaintiff's request for a stay is **denied as moot**.

DATED: April 12, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE