UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. REED,<br><br>    Plaintiff,<br><br>    v.<br><br>D. LEATHERMAN, et al.,<br><br>    Defendants. | No. 2:18-cv-0038 KJM CKD P<br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C § 1983. On June 14, 2019, the court denied, without prejudice, plaintiff's motion that defendants be compelled to provide further responses to requests for production of documents numbers 1, 3 and 11. The court found that if this action survives defendants' motion for summary judgment, which it has . . .

> and if at that point plaintiff still seeks further responses to requests for production 1, 3 and 11, plaintiff must meet and confer with counsel for defendants. If, after having done so, plaintiff has a good faith belief that counsel for defendants failed to provide plaintiff with access to documents to which plaintiff is entitled under the Federal Rules of Civil Procedure, plaintiff may file a second motion to compel. . . [P]laintiff will be required to certify in the motion that he met and conferred with counsel for defendants after resolution of the motion for summary judgment and made a good faith effort to resolve legitimate discovery disputes.

/////

1

On January 22, 2021, the court received plaintiff's second motion to compel as to requests for production of documents numbers 1, 3 and 11. The remaining defendants are Leatherman, Roberts and Shearer. Plaintiff's remaining claims arise under the Eighth Amendment and are based upon allegations of excessive use of force occurring on May 26, 2016. It appears the parties did meet and confer regarding their discovery dispute.

Request for production No. 1 reads as follows:

> Any and all formal and informal written complaints (including but not limited to 602 forms) against defendant(s), alleging excessive force or misconduct in any form (see pages 1-2 instructions), lodged by any complaintant, from the dates of January 2013, til present. (TO INCLUDED ALL DEFENDANTS NAMED WITHIN THE INSTANT COMPLAINT)"

Defendants initial response to plaintiff's request to produce was as follows:

> Objection. The request is overbroad as to time. The request is also not related to the claims or defenses of either party. The request is potentially overly burdensome as staff would be obligated to search the central file for every inmate that has ever been housed at California State Prison, Sacramento in the past six years to verify whether a grievance of any sort has been raised against them. Lastly, to the extent there are responsive documents, these documents are covered by the official information privilege as production may jeopardize the safety and security of the institution. Based on the stated objections, and after a diligent search, there are no responsive documents.

Good cause appearing, the court will order that defendants produce to the court, for in camera review, any documents concerning any actual discipline imposed upon defendants Leatherman, Roberts or Shearer for excessive use of force or dishonesty. Personally identifiable information such as Social Security numbers, birthdays, telephone numbers and home addresses may be redacted. If there are no such documents, defendants shall so certify in a court filing.

In request 3, plaintiff seeks:

> Any and all statements formal and informal made by the defendant in regards to any inquiries and/or investigations into the incident that allegedly occurred on May 26th of 2016 (Appel # SAC-B-16-01938).

Defendants responded:

> After a diligent search, no responsive documents other than those covered by the official information could be located and produced.

2

Good cause appearing, the court will order that defendants produce to the court, for in camera review, any documents detailing any statement made by any defendant concerning the events at issue in this case including the documents identified in the privilege log attached to defendants' opposition to plaintiff's motion to compel. Personally identifiable information such as Social Security numbers, birthdays, telephone numbers and home addresses may be redacted.

In request 11, plaintiff seeks:

> Any and all video recordings, voice recordings or reports, prepared by two unknown Seargents, on an unknown date following the incident, in response to the plaintiff's excessive force allegations, prepared in response to an interview conducted on such unknown date.

In response to this request, defendants permitted plaintiff to view a "use of force video." Plaintiff now asserts he should be given a copy of the video. Plaintiff has not adequately explained why defendants must make a copy of the video and allow plaintiff to possess it in his cell or with his property. Accordingly, plaintiff's motion to compel with respect to request 11 will be denied. However, the court expects that plaintiff will be provided with reasonable access to the video upon request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 38) is granted as follows:

    A. Within 21 days, defendants shall produce to the court, for in camera review, any documents concerning any actual discipline imposed upon defendants Leatherman, Roberts or Shearer for excessive use of force or dishonesty. Personally identifiable information such as Social Security numbers, birthdays, telephone numbers or home addresses may be redacted. If there are no such documents, defendants shall so certify in a court filing.

    B. Within 21 days defendants shall produce to the court, for in camera review, any documents including or detailing any statement any defendant may have made concerning the events at issue in this case including the documents identified in the privilege log attached to defendants' opposition to plaintiff's motion to compel.

/////

3

Personally identifiable information such as Social Security numbers, birthdays, telephone numbers and home addresses may be redacted.

2. Plaintiff's motion to compel is denied as to request to produce No. 11.

3. The dates established for the filing of pretrial statements are vacated and will be reset following the court's in camera review of the documents described above.

Dated: May 5, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

[1] reed0038.mtc

4