1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 SACRAMENTO DIVISION

11

12

13 **PETER J. REED,**

2:18-cv-00038-KJM-CKD P

Plaintiff,

**PROTECTIVE ORDER**

14

15 **v.**

Judge: Honorable Carolyn K. Delaney
Trial Date: TBA
Action Filed: January 8, 2018

16 **D. LEATHERMAN, et al.,**

17 Defendants.

18

19        In compliance with the Court's Order (ECF No. 47), Defendants submit the following

20 protective order under Rule 26 to protect the confidential documents identified in AGO 28 –

21 AGO 45 as reviewed during the Court's in-camera review.

22        1.        In connection with discovery proceedings in this action, a Party who produces a

23 document or documents to another Party may designate any document, or other information

24 derived from them, as "CONFIDENTIAL" under the terms of this protective order.  The

25 documents identified as AGO 28 – AGO 45 and submitted to the Court for in-camera review,

26 shall be identified as "CONFIDENTIAL" and all provisions of this protective order shall apply to

27 them.

28 / / /

1

2. A document designated "CONFIDENTIAL" contains information that has not been made public; that has been maintained as confidential; or that concerns or relates to the processes, operations, investigations, or other information relating to the California Department of Corrections and Rehabilitation ("CDCR"), unfettered disclosure of which may have the effect of causing harm to the safety and security of CDCR prisons, staff, inmates, the public, and/or the Parties.

3. Documents designated "CONFIDENTIAL," the information contained in them, and any summaries, copies, abstracts, or other documents derived in whole or in part from them, may only be used for the purposes of prosecuting, defending, or settling this litigation, and shall not be produced to or shared with any person, or published in any other manner except as authorized by this protective order or any subsequent order of the Court.

4. Documents designated "CONFIDENTIAL" pursuant to this Protective Order (including any copies, summaries, excerpts, and abstracts derived from them) may be disclosed, directly or indirectly, only to the following qualified persons:

    a) Experts or other persons necessarily retained by a Party to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Protective Order;

    b) Any non-party individual who could have had access to the document designated "CONFIDENTIAL' within the course and scope of his or her employment;

    c) Any court reporter at a deposition or other proceeding in this matter;

    d) Any mediator or other neutral party that is mutually selected by the Parties or appointed by the Court for the purpose of assisting in the settlement or other resolution of this action; and

    e) Such other persons as the Parties may agree to in writing or who may be designated by the Court.

5. Documents designated "CONFIDENTIAL" may not be disclosed to, reviewed by, or otherwise possessed or viewed by any incarcerated person, except as authorized by the Court.

/ / /

6. If a document designated "CONFIDENTIAL" is included in any papers to be filed with the court, such papers will be labeled "Confidential – Subject to Court Order" and submitted pursuant to the procedures outlined in Local Rule 141 for the sealing of documents. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

7. In the event that any document designed "CONFIDENTIAL" is used in any court proceeding in this action, it will not lose its confidential status through such use, and the party using the material will take all reasonable steps to maintain its confidentiality during such use.

8. If necessary, the Parties shall meet and confer regarding the procedures for use of "CONFIDENTIAL" material at trial and shall move the Court for entry of an appropriate order.

9. Plaintiff shall use the information and documents produced only for the purposes of this litigation and not for any purpose, including other litigation or interests.

10. All objections concerning the admissibility of the information and documents produced under this Protective Order are preserved and may be made before such information or documents may be admitted at trial or for any other purpose in this litigation.

11. This protective order shall not expand or restrict the rights of any Party to either demand the production of any documents, things, or information, or to object to any demand for any documents, things, or information, or to withhold any documents, things, or information (for example, through redaction of a produced document, even if that document is designated "CONFIDENTIAL") under an applicable asserted privilege. Nor shall this protective order expand or restrict the rights of any Party to seek to have the Court compel the production of any

3

documents, things, or information, or to seek to have the Court bar the production of any documents, things, or information. Nor shall this protective order prejudice the Parties in any way from seeking a modification of this protective order.

12.     This protective order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties. Nothing in this protective order, or the production of any information or document under the terms of this stipulated protective order, shall be deemed as an admission or a waiver by any Party, and will not alter the confidentiality or non-confidentiality or any such document or information in any other context beyond the scope of this action, or alter any existing obligation of any Party or the absence of such an obligation.

13.     If any Party violates the terms of this protective order, the Court may issue any just order, on motion or its own, including imposing sanctions authorized by Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii).

14.     At the conclusion of this litigation, all "CONFIDENTIAL" documents and information produced pursuant to this protective order, including any copies, shall be destroyed by Plaintiff or returned to Defendants' counsel within 60 days.  Plaintiff memorialize which method he uses, by letter to Defendants' counsel.

IT IS SO ORDERED.

Dated:  June 28, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE